Nash, J.
In the opinion of his Honor, there is error,*. • The judgment of the County Court upon the award was-final, in form at least, upon that point, and it materially affected the subject, mattes-in dispute. The defendant,. *378 against whose interest the judgment operated, had aright to appeal to the Superior Coui't, that a review of the error of the County Court might be had, if there was any. He failed to do so, and the cause went on to be tried before a jury ; and, upon a verdict and judgment against him, he appealed to the Superior Court. We are of opinion that the appeal did not take up the judgment of the County Court upon the award. The objections to that judgment were waived by the plaintiff, because he did not bring- them forward in proper time, as he might have done by an appeal. Upon the appeal as taken, the award was not before the appellate Court, and the cause ought to have proceeded, as it did in the County Court. The case of Harvey v. Smith, 1 Dev. & Bat. 189, recognizes the rule and establishes an exception to it. That was a case of a petition for the re-probate of a will. In the County Court the prayer for re-probate was granted, and issues were made up to try the validity of the will. These were submitted to a jury, who returned a verdict, and an appeal was taken to the Superior Court, where, upon motion,-the proceedings were dismissed by the presiding Judge for error in the judgment for a re-probate of the will. The Supreme Court, after recognizing the rule herein stated, proceeds, “ But, nevertheless, we are of opinion, that where, upon a petition for a re-probate, and the same has been ordered and an appeal taken by either party from the ultimate sentence upon such a re-probate, that appeal places the entire cause in the revising Court.” And the reason given is, that the petition must be considered, as containing the allegations of those propounding the paper, and the ultimate judgment must be founded on those allegations, as admitted or proved. “ If they will not authorize a sentence for the party propounding, the Court is obliged to refuse to him such a sentence.” The decision in that case rests upon the peculiar nature of the proceedings, which distinguish it from the present. But if the award had been before the Court, the judg *379 ment affirming it was erroneous. Upon its face it was not final.
Pee CuRiam. Judgment reversed and a writ of proce-dendo awarded.